MELLOY, Circuit Judge,
dissenting.
I read the majority opinion in this case to reject the State’s argument that the heightened standard of proof articulated in Planned Parenthood v. Rounds, 530 F.3d 724 (8th Cir.2008), applies to stays of execution. Rather, the standard set forth in Hill v. McDonough, 547 U.S. 573, 584, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), applies. As the majority notes, the Hill case requires that inmates seeking to challenge the manner of execution must show a significant possibility of success, rather, than the Planned Parenthood standard of a likelihood to prevail on the merits.
I find nothing set out in Hill which is in any way inconsistent with the district court’s utilization of Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109 (8th Cir.1981) (en banc). I believe the State has failed to demonstrate that the district court abused its considerable discretion in applying the Dataphase factors. The district court properly balanced the Data-phase factors, including, likelihood of success, against the irreparable harm of going forward with an execution under a possibly unconstitutional execution statute.
In Nooner v. Norris, 594 F.3d 592 (8th Cir.2010), an opinion which I joined, we approved an execution protocol developed under the prior version of the statute. That statute required that a minimum of thirty-days notice prior to any execution of any changes in the protocol. The statute was also interpreted to require that the notice be available to the condemned prisoner, his or her attorneys, and any other interested parties. The new statute grants to the Director of the Arkansas Department of Corrections virtually unfettered discretion to modify the method of execution, including, the chemicals to be used, the procedure to be employed, the qualifications and training of the medical personnel assisting in the execution, and the method of the insertion of the intrave *583 nous line. The statute goes on to exempt from the Arkansas Freedom of Information Act any changes to the protocol, with the exception, of the quantity, method, and order of the chemicals to be administered.
I believe that this power granted to the Director of the Arkansas Department of Corrections is without precedent in any statute in the United States. Both our decisions in Nooner v. Norris, supra and Clemons v. Crawford, 585 F.3d 1119 (8th Cir.2009), a case Nooner relied upon, were based on a review of a written execution protocol which was ultimately determined to be constitutional. In the prior case, dealing with the Missouri method of execution, our court discussed at great length the dangers of utilizing an unwritten protocol and the importance of having procedures that are clearly outlined and established prior to the date of execution. Taylor v. Crawford, 487 F.3d 1072 (8th Cir.2007).
While I acknowledge the State has indicated it intends to use the current written protocol, the fact remains that protocol can be changed at any time, without notice to anyone, up to the minute of execution. I do not doubt the sincerity of the state officials when they say they intend to use the written protocol, the fact remains the Attorney General and Director of the Department of Corrections went to the Arkansas legislature and sought the authority to modify the protocol at any time, with virtually no notice to anyone.
While that statute may ultimately be determined to be constitutional, I agree with the district court that there is a sufficient likelihood of success, weighed against the other Dataphase factors, that the stay should remain in effect until that issue can be resolved.